# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PETER BOLVIG;** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) **CIVIL ACTION NO.** |
| **GARRISON PROPERTY &** | ) |
| **CASUALTY INSURANCE** | ) |
| **COMPANY** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Garrison Property & Casualty Insurance Company ("Garrison") hereby files this Notice of Removal to remove this civil action from the Circuit Court of Jefferson County, Alabama, where it was filed, to the United States District Court for the Northern District of Alabama, Southern Division. In support, Garrison respectfully shows the Court as follows:[1]

## INTRODUCTION

This lawsuit arises out of a dispute over claims Plaintiff Peter Bolvig ("Plaintiff") submitted to Garrison under his automobile insurance policy based on

---

[1] Through the filing of this Notice of Removal, Garrison expressly reserves, and does not waive, any and all claims, defenses or objections it may have, including all defenses set forth in Rule 12(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 81(c)(2); *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses . . . .") *See also* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1395 (2008) ("A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections.").

1

an automobile collision that occurred May 28, 2017. The Complaint alleges Garrison (i) failed to adjust Plaintiff's claims under the Policy in a timely and proper manner and (ii) denied Plaintiff's claims without any legitimate basis for doing so; and (iii) engaged in a pattern and practice of fraud and bad faith throughout the claims process. The Complaint seeks to recover alleged benefits under the Policy in addition to punitive damages based on Plaintiff's purported claims for fraudulent misrepresentation, bad faith, and negligence/wantonness.

As demonstrated below, this action could have been filed in this Court pursuant to 28 U.S.C. § 1333 because there is complete diversity of citizenship between Plaintiff and Garrison and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

## STATEMENT OF REMOVAL

1. On or about October 4, 2017, Plaintiff filed a Complaint in the Circuit Court of Jefferson County, Alabama, docketed as Civil Action No. 01-CV-2017-904177.

2. On October 18, 2017, Garrison was served for the first time with the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and other documents served upon Garrison are attached hereto as Exhibit "A".

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1): "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States."

## DIVERSITY OF CITIZENSHIP

4. Plaintiff is a resident of the State of Alabama. *See* Ex. A, Complaint (hereafter "Compl.") ¶ 1.

5. Garrison is, and was at the time of the filing of this lawsuit, incorporated under the laws of of the State of Texas with its principal place of business in San Antonio, Texas. *See* Declaration of Amy Cook, attached hereto as Exhibit "B".

6. Because Plaintiff and Garrison are citizens of different states, complete diversity of citizenship exists under 28 §1332(a)(1).

## AMOUNT IN CONTROVERSY

**A. Standard of Review**

7. Where, as here, the plaintiff's complaint makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F.3d

1353, 1357 (11th Cir.1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.2000)). A removing defendant satisfies the preponderance of the evidence standard when it is "'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Id.* at 1061 (noting that in certain cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'") (quoting *Pretka v. Kolter City Plaza, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (internal quotation marks omitted).

8. District courts are permitted "to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable . . . [and] use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* (internal quotations and citations omitted). Importantly, the plaintiff's "likelihood of success on the merits is largely irrelevant to the court's jurisdiction because **the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are likely to recover**." *Pretka v. Kolter City Plaza, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis added) (internal quotation marks and citations omitted).

9. Moreover, when ascertaining whether the amount in controversy exceeds $75,000, the district court must consider a plaintiff's request for punitive damages unless the court determines to a legal certainty that such damages cannot be recovered. *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009) (holding that when ascertaining the amount in controversy in diversity cases, "**punitive damages must be considered** . . . unless it is apparent to a legal certainty that such cannot be recovered.") (emphasis added) (quoting *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).[2]

### B. Plaintiff's Complaint, Judicial Experience, and Common Sense Dictate That The Amount "In Controversy" Exceeds $75,000.

10. Plaintiff's Complaint makes an unspecified demand for compensatory and punitive damages. However, judicial experience and common sense—

---

[2] When assessing the amount in controversy—including claims for punitive damages—for purposes of diversity jurisdiction, "state law is relevant to this determination insofar as it defines the nature and extent of the right plaintiff seeks to enforce." *Broughton v. Fla. Int'l Underwriters, Inc*. 139 F.3d 861, 863 (11th Cir. 1998) (internal quotation marks and citations omitted). As such, the district court may consider decisions rendered in cases involving similar claims and demands for punitive damages when assessing the amount "in controversy". *See Kennedy v. Fleetwood Enters., Inc.*, No. 1:07-cv-728-MEF, 2007 WL 4287374, at *3 (M.D. Ala. Dec. 5, 2007) ("When faced with [deducing the jurisdictional amount in controversy], courts have looked at the amount of damages awarded in 'cases on the same type of suit.'") (citations omitted). *See also Henry v. Nationwide Ins. Co.*, No. 06-0612-CG-M, 2007 WL 2409817, at *2 (S.D. Ala. Aug. 22, 2007) (determining that the amount in controversy was satisfied and noting "[i]n Alabama, in suits against insurance companies claiming contract breach, fraud or other intentional torts, the punitive damages verdict often exceeds the compensatory damages verdict.").

including the Complaint's allegations and nature of the relief sought—dictate that the amount "in controversy" easily exceeds $75,000.[3]

11. First, the Complaint alleges Garrison breached the Policy by "failing to pay [Plaintiff] the market value for the total loss of the subject vehicle" and that his "cost basis in the subject vehicle was at least $43,000.00 as of the date of the accident." Compl. ¶¶ 24; 29. The Complaint further alleges "Plaintiff has not been paid anything by Garrison for the loss of his vehicle." Compl. ¶25. Thus, at a minimum, the cash value of Plaintiff's vehicle at the time of the collision—which according to the Complaint, should be based off Plaintiff's cost basis in the vehicle (*i.e.* $43,000)— is "at issue" for purposes of ascertaining the jurisdictional amount in controversy.

12. Second, the Complaint also seeks damages based on Garrison's alleged failure to "provide rental car coverage as provided by the Policy." Compl. ¶ 29. Specifically, the face of the Complaint alleges (i) the Policy provided "rental car coverage to provide Plaintiff with a replacement rental car during the time that [Plaintiff's] insured vehicle was disabled"; (ii) Plaintiff contacted Garrison and made a claim for a rental car on May 29, 2017; (iii) Garrison "effectively denied" Plaintiff's claim for a rental car; (iv) Plaintiff's vehicle remained disabled as of 43

---

[3] Garrison denies the allegations in the Complaint and denies Plaintiff is entitled to the relief that he seeks. Nonetheless, in evaluating whether diversity jurisdiction exists for purposes of removal, the relevant inquiry is what amount is "in controversy"—not Plaintiff's likelihood of success on the merits. *See Pretka*, 608 F. 3d at 751.

days after the collision; and (v) Garrison subsequently represented "Plaintiff was responsible for the rental car expense." *See* Compl. ¶¶3; 4; 5; 13; and 23(a).  Thus, the rental expenses Plaintiff seeks to recover in connection Garrison's alleged denial of this portion of Plaintiff's claim under the Policy are also at issue for purposes of determining the jurisdictional amount in controversy.

13.     Third, the Complaint also alleges (i) the Policy provided "coverage for any medical expenses incurred by Plaintiff as a result of the subject accident"; (ii) that "Plaintiff was transported from the scene of the accident via ambulance to St. Vincent's Emergency Room and was subsequently admitted to the hospital"; (iii) that "Garrison has refused to pay" Plaintiff's "claim under the med pay portion of the Policy."" Compl. ¶¶ 2-3; 26. As such, Plaintiff's purported claims for expenses associated with the emergency room and subsequent hospital admission are also "at issue" for purposes of ascertaining the jurisdictional amount in controversy.[4]

14.     Fourth, in addition to Plaintiff's requests for compensatory damages, the Complaint also seeks to impose punitive damages against Garrison based on Garrison's alleged fraudulent, bad faith, and wantonness conduct toward Plaintiff. *See* Compl. "WHEREFORE" clauses, Count II (fraudulent misrepresentation), Count III (bad faith); and Count IV (negligence/wantonness).  Under Alabama law,

---

[4] Presumably, the Complaint also seeks compensatory damages for the "unnecessarily prolonged claim process, substantial inconvenience and other consequential damages" based on Garrison's alleged failure and refusal "to adjust Plaintiff's claims in a timely and proper manner." *See* Compl. ¶¶ 28; 31.

*each* of these purported causes of action, if proven, may give rise to an award of punitive damages. *See* ALA. CODE § 6-11-20; *Nat'l Ins. Ass'n v. Sockwell*, 829 So.2d 111, 130 (Ala. 2002); *Traham v. Cook*, 265 So.2d 125, 130 (Ala. 1972). As such, the Court should consider Plaintiff's demands for punitive damages under Counts II, III, and IV in ascertaining the jurisdictional amount in controversy. *Blackwell*, 620 F. Supp. 2d at 1290.

    15.    The Complaint alleges "throughout the [claims] process, Garrison [ ] engaged in a pattern and practice of fraudulent misrepresentation and bad faith" (Compl. ¶27), including, *inter alia*,:

    i.    Setting "Plaintiff up for a rental car with Enterprise Rent-A-Car in Irondale, knowing that that location was in fact closed for the day." Compl. ¶ 4.

    ii.    Giving Plaintiff the "runaround", "transferr[ing] [Plaintiff] to numbers of people who were not working that day," and providing Plaintiff with the wrong telephone number for a "Garrison supervisor who could handle the situation." Compl. ¶ 4.

    iii.    Misrepresenting that an order had been placed to transfer Plaintiff's vehicle to Tom Williams Collision Center in Irondale. Compl. ¶¶ 8-9.

    iv.    Misrepresenting that Garrison transmitted the vehicle's damage estimate to Tom Williams Collision Center. Compl ¶ 10.

8

      v.    Doing "nothing to pursue completing a supplemental estimate until on or about July 10, 2017 (43 days post-accident." Compl. ¶ 13.

      vi.    Refusing "to address the issue of how the alleged comparable vehicles were determined to be truly comparable." Compl. ¶ 18.

      vii.    Misrepresenting that the manufacturer of Plaintiff's vehicle "would refund the Plaintiff the unused portion of the manufacturer's warranty." Compl. ¶ 19.

      viii.    Refusing "to repair [Plaintiff's] vehicle as initially demanded by Plaintiff." Compl. ¶ 21.

      ix.    Denying Plaintiff's purported demand "that Garrison complete the estimate process" and "stating that if Plaintiff wanted a good faith complete repair estimate, he would have to pay for it himself." Compl. ¶22.

      x.    Attempting "to pressure Plaintiff by using a variety of tactics", including (a) "[i]ndicating the Plaintiff's rental car had been cutoff several days earlier, and that Plaintiff was responsible for the rental car expense." Compl. ¶ 23(a). (b) "[t]hreatening Plaintiff with requiring him to remove his personal belongings from the vehicle on short notice and authorize its removal from Tom Williams or Plaintiff would have to pay for the storage, when Garrison knew that Plaintiff was headed out of State on a family vacation and could not reasonably accomplish the task." Compl. ¶ 23(b); and (c ) "[r]epeatedly threatening to 'close

the claim' with no payment if Plaintiff did not give into Garrison's demands." Compl. ¶ 23 (c).

      xi.    Denying "Plaintiff's claims without any legitimate, arguable or debatable reason" and failing to "properly investigate and adjust Plaintiff's claims in bad faith." Comp. ¶¶ 32-33.

16.    Plaintiff's alleged compensatory damages and demands for punitive damages easily satisfy the requisite amount in controversy. Plaintiff's alleged compensatory damages under the Policy based on the purported value of his vehicle at the time of the collision (*i.e.* $43,000) constitutes approximately fifty-seven percent (57%) of the Court's jurisdictional minimum. Plaintiff's purported tort claims, if proven, could easily give rise to a punitive damages award exceeding $32,000 (*i.e.* the balance of the Court's jurisdictional minimum). *See, e.g., ALFA Mut. Fire Ins. Co. v. Thomas*, 738 So.2d 815, 822 (Ala. 1999) (holding punitive-damages award on fraud and suppression claims was not excessive to the extent it did not exceed four times the compensatory-damages award). *See also Robinson v. Affirmative Ins. Holdings, Inc.*, No. 2:12-cv-2159-SLB, 2013 WL 838285 (N.D. Ala. March 1, 2013) (denying motion to remand where complaint sought to impose punitive damages against insurer for fraud, suppression and bad faith failure to investigate, even though only $12,000 in compensatory damages were at issue); *Blackwell v. Great Am. Fin. Res. Inc.*, 620 F. Supp. 2d 1289 (N.D. Ala. 2009)

(denying motion to remand where complaint sought to impose punitive damages against insurer based on conspiracy, fraud and negligence/wantonness, even though only $23,172 in compensatory damages were at issue).

17. Notably, the Complaint's failure to disclaim entitlement to an amount in excess of $75,000 further supports a determination that more than $75,000 is "in controversy". This Court has made clear that Congress amended 28 U.S.C. § 1446 in order to prevent federal courts from remanding cases such as this one:

> This court is informed and verily believes that Congress amended 28 U.S.C 1446 in order to slow down, if not prevent, this court and others like it, from remanding diversity cases like this one, where there is no *ab damnum clause*, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000. There is no point in writing a law review article on the subject. This court has written many opinions that sound like [Plaintiff's] argument. That was then. This is now.
>
> The court is willing to go so far as to inform plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, ***must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more***. Otherwise a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

*Smith v. State Farm Fire and Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (emphasis added).

18. In sum, (i) Plaintiff's request for the cost basis of his vehicle and other damages under the Policy; (ii) Plaintiff's demands for the imposition of punitive

damages; (iii) Plaintiff's failure to disclaim any entitlement to an amount in excess of $75,000; and (iv) the nature of Garrison's alleged misconduct establish it is more likely than not that the Complaint places more than $75,000 "in controversy".

**THE OTHER PREREQUISITES OF REMOVAL HAVE BEEN SATISFIED**

19. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is filed within thirty (30) days of Garrison's receipt of the Complaint through formal service of process.

20. Garrison is the only named defendant in this action. As such, all properly joined and served defendants consent to this Notice of Removal.

21. Garrison has sought no similar relief with respect to this matter.

22. Removal of this action to the Northern District of Alabama, Southern Division, is proper pursuant to 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division embracing the place where the state court action was pending.

23. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be served on Plaintiff's counsel and filed with the Clerk of Court for the Circuit Court of Jefferson County, Alabama.

24. The allegations in this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Northern District of Alabama, and this cause is removable to the United States District Court for the Northern District of Alabama, Southern Division.

25. If any question arises as to the propriety of the removal of this action, the Garrison respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant Garrison, desiring to remove this case to the United States District Court for the Northern District of Alabama, Southern Division, being the district and division of said Court for the County in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said action to this Court.

    Respectfully submitted by,

    /s/ *Michael D. Mulvaney*
    Michael D. Mulvaney (MUL012)
    ASB-726-M67M
    T. Brannon Parker (PAR165)
    ASB-9424-U51X
    *Attorneys for Defendant Garrison Property*
    *& Casualty Insurance Company*

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.

1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Notice of Removal was served on the following counsel of record by electronic mail and by placing an original of the same in the United States Mail, first-class postage prepaid and properly addressed, this 17th day of November, 2017:

Jack J. Hall, Jr. (HAL038)
WHITAKER, MUDD, LUKE, & WELLS, LLC
2011 Fourth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 639-5300
E-mail: jhalljr@wmslawfirm.com
*Attorney for Plaintiff Peter Bolvig*

                                        /s/ *Michael D. Mulvaney*
                                        **OF COUNSEL**