FILED
2017 Nov-17  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
10/4/2017 1:26 PM
01-CV-2017-904177.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01<br><br>Date of Filing:<br>10/04/2017 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### PETER BOLVIG v. GARRISON PROPERTY & CASUALTY INSURANCE COMPANY

**First Plaintiff:** ☐ Business  ☑ Individual     **First Defendant:** ☑ Business  ☐ Individual
            ☐ Government  ☐ Other                     ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ **INITIAL FILING**     A ☐ **APPEAL FROM DISTRICT COURT**     O ☐ **OTHER**

        R ☐ **REMANDED**     T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**

    HAL038             10/4/2017 1:26:59 PM          /s/ Jack Jordan Hall, Jr. JR.
                          Date                  Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**     ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
10/4/2017 1:26 PM
01-CV-2017-904177.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | | |
|---|---|---|
| PETER BOLVIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO.: |
| GARRISON PROPERTY & CASUALTY | ) | CV- _____ |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Peter Bolvig, and in support of this Complaint, shows unto the Court as follows:

## JURISDICTION AND PARTIES

1.     That Plaintiff, Peter Bolvig, has at all material times been an adult resident of Jefferson County, Alabama, Birmingham Division.

## FACTUAL BACKGROUND

2.     On May 28, 2017, Plaintiff was involved in a one vehicle automobile accident, which occurred in the Birmingham Division of Jefferson County Alabama and which resulted in damage to Plaintiff's automobile and caused personal injuries to Plaintiff.  Plaintiff was transported from the scene of the accident via ambulance to St. Vincent's Hospital Emergency Room and was subsequently admitted to the

hospital. Plaintiff's vehicle, a 2012 Land Rover LR4 HSE, was disabled and towed from the scene to Weil Wrecker at the direction of the authorities.

3.     At the time of the subject accident, Plaintiff had automobile insurance with Garrison Property and Casualty Insurance Company ("Garrison"), Policy number 02372 63 72 R 7101 8 ("the Policy"). The Policy provided various coverages, including, but not limited to collision coverage, subject to a $1,000.00 deducible. The Policy also provided med pay coverage, providing coverage for any medical expenses incurred by Plaintiff as a result of the subject accident. The Policy also included a rental car coverage to provide Plaintiff with a replacement rental car during the time that his insured vehicle was disabled. Further, the terms of the Policy required Garrison to tow and store the vehicle while it was in the process of being evaluated and/or repaired.

4.     Plaintiff was discharged from the hospital the following day, May 29, 2017. On that day, Plaintiff contacted Garrison and made claim for a rental car per the terms of his Policy. Garrison purportedly set Plaintiff up for a rental car with Enterprise Rent-A-Car in Irondale, knowing that that location was in fact closed for the day. When Plaintiff contacted Enterprise Rent-A-Car in Irondale to acquire a rental car, he then learned that the location was closed for the Memorial Day holiday. Plaintiff then contacted another representative of Garrison, again making claim for a rental car, and was ultimately informed that Garrison only did business with

Enterprise Rent-A-Car, and that the only Enterprise Rent-A-Car location open on Memorial Day in the Birmingham area was the Airport location, but Garrison would not authorize a rental car from that location, because the Airport purportedly charges more for rental cars than the other locations, and informed Plaintiff that if he wanted a rental car that day he would have to pay for it himself.  Plaintiff made numerous telephone calls trying to resolve this issue with various representatives of Garrison, during which he was essentially given a runaround, and transferred to numbers of people who were not working that day, being cutoff and at one time being given a number that was represented to be the number of a Garrison supervisor who could handle the situation, but that number turned out to be a telephone number of Enterprise Rent-A-Car.  The representative for Enterprise Rent-A-Car indicated that there was nothing they could do without authorization from Garrison.  Finally, after numerous failed attempts over a period more than an hour, Plaintiff simply gave up.

5.      Thus, Plaintiff's claim for a rental car was effectively denied, and such denial was fraudulent and in bad faith.

6.      Initially, Garrison insisted that the vehicle be towed from Weil Wrecker to a location of Garrison's choosing, so that Garrison could perform an estimate on the cost of repair.  Garrison subsequently estimated the cost of repair to be $6,888.72 and issued a check to Plaintiff in the amount of $5,888.72, dated June 2, 2017.

7.     Plaintiff was informed by Garrison that he needed to select a repair facility and that Garrison would have the vehicle towed to that facility.

8.     Plaintiff informed Garrison that the vehicle should be towed to Tom Williams Collision Center in Irondale.  A representative of Garrison represented to Plaintiff that he had requested that the vehicle be transferred to Tom Williams Collision Center.

9.     Several days later, when Plaintiff contacted Tom Williams Collision Center to check, he was advised the vehicle had not yet been transferred.  Further inquiry led to the discovery that despite the representation from Garrison that an order had been placed to transfer the vehicle, no such order had in fact been placed, and the vehicle was still at the facility where Garrison originally took it for purposes of conducting its repair estimate, resulting in several days of unnecessary delay.

10.    Once the vehicle was finally transferred to Tom Williams Collision Center, a representative of Garrison represented to Plaintiff they had transmitted the damage estimate to Tom Williams, but after several days of additional delay and upon further inquiry, Plaintiff discovered that representation was also false, and that Garrison had not in fact transmitted the estimate to Tom Williams resulting several more days of unnecessary delay.

4

11.    Upon receipt of the repair estimate, a representative of Tom Williams informed the Plaintiff that repair estimate was obviously insufficient and that a supplemental estimate was necessary.

12.    Over the next several weeks, when Plaintiff checked on the status of the repair process, he was reassured by representatives of Garrison that the vehicle was in fact repairable, representations which were later contradicted Garrison's own representatives.

13.    Despite being aware that a supplemental estimate was necessary, Garrison did nothing to pursue completing a supplemental estimate until on or about July 10, 2017 (43 days post-accident).

14.    Even though Garrison completed a supplemental estimate, rather than providing that estimate to Plaintiff, Garrison simply sent Plaintiff a letter declaring the vehicle a total loss and offering a payment of $28,672.19, based upon an alleged actual cash value of $28,410.00.

15.    When Plaintiff contacted Garrison to inquire about why the vehicle was declared a total loss, he learned of the supplemental appraisal, and requested a copy of it.  Mercedes Recoder, a representative of Garrison, sent the appraisal to Plaintiff, representing that it was a good faith and complete estimate.

16.    Plaintiff also requested the basis for the evaluation of the vehicle, and Recoder, again acting as a duly authorized representative Garrison, sent Plaintiff a

vehicle appraisal, which she represented to be a good faith and accurate appraisal of the vehicle based upon comparable vehicles.

17.     Plaintiff took issue with Garrison's appraisal of the vehicle, noting for example that the appraisal did not take into account that Plaintiff's vehicle had dealer installed upgrades worth several thousand dollars; Garrison's appraisal did not take into account that Plaintiff's vehicle was a certified pre-owned vehicle, with a seven year / 100,000 mile manufacturer's warranty and questioning how the appraiser determined the condition of the alleged comparable vehicles, as Plaintiff's vehicle was in excellent condition prior to the subject accident.

18.     Recoder refused to address the issue of how the alleged comparable vehicles were determined to be truly comparable.  Further, she denied Plaintiff's claim that the dealer installed upgrades added to the fair market value of the vehicle, stating that they constituted "preferences" and stating that "preferences" were not covered under the collision coverage in the Policy and alternatively stating that Garrison would not pay for such unless there was a separate invoicing for the costs of those upgrades, a proposition which Garrison knew to be inapplicable, as Plaintiff had informed Garrison that the dealer installed upgrades were included in the original purchase price of the vehicle.

19.     Recoder also denied Plaintiff's claim that the CPO warranty added to the fair market value of the vehicle and refused to consider that part of Plaintiff's

claim.  In further discussing this, she later alternatively represented to Plaintiff that if he accepted Garrison's appraisal, the manufacturer would refund the Plaintiff the unused portion of the manufacturer's warranty, a representation that Plaintiff later confirmed to be false and made in bad faith.

20.    In reliance upon Garrison's representation that the supplemental estimate was complete and in good faith and given Plaintiff's disagreement with the valuation of the vehicle, coupled with the fact that even using Garrison's evaluation, the damage did not arise to the level necessary to constitute a total loss as defined by Alabama law, Plaintiff decided it was in his best interest to have the vehicle repaired and made claim that Garrison authorize the repairs.  Garrison denied that claim as well.

21.    When Garrison refused to repair the vehicle as initially demanded by Plaintiff, Plaintiff informed Garrison that he would contact Tom Williams and authorize and pay for the repairs himself, if that was necessary.  When Plaintiff contacted Tom Williams, they suggested that the supplemental appraisal was insufficient and suggested that Garrison's appraiser had deliberately failed to complete the estimate.  Plaintiff then contacted Recoder and confronted her with the issue of whether the appraisal was complete.  After various evasive responses, Recoder ultimately admitted that the estimator had deliberately not completed the estimate process.  Plaintiff requested that Recoder confirm that in an email to

Plaintiff, and Recoder agreed, but then subsequently sent an email that failed to acknowledge this issue and resorted to her previous evasive tactic.

22.    Plaintiff then demanded that Garrison complete the estimate process, so that an informed decision could be made with respect to authorizing the repairs. Recoder denied that demand, in bad faith, stating that if Plaintiff wanted a good faith complete repair estimate, he would have to pay for it himself.

23.    Thereafter, having delayed the process for over a month, Garrison began to attempt to pressure Plaintiff by utilizing a variety of tactics, including but not limited to:

a.    Indicating the Plaintiff's rental car had been cutoff several days earlier, and that Plaintiff was responsible for the rental car expense.

b.    Threatening Plaintiff with requiring him to remove his personal belongings from the vehicle on short notice and authorize its removal from Tom Williams or Plaintiff would have to pay for the storage, when Garrison knew that Plaintiff was headed out of State on a family vacation and could not reasonably accomplish that task.

c.    Repeatedly threatening to "close the claim" with no payment if Plaintiff did not give into Garrison's demands.

24.    Plaintiff purchased the subject vehicle on September 27, 2016, paying $42,000.00 for it.  He subsequently paid over an additional $1,000.00, to perform

the 60,000 mile maintenance and to upgrade the suspension.  Thus, Plaintiff's costs basis in the subject vehicle was at least $43,000.00 as of the date of the accident.

25.     To date, Plaintiff has not been paid anything by Garrison for the loss of his vehicle.

26.     Further, and more recently, Plaintiff has received a bill pertaining to his medical treatment post-accident and has submitted this bill to Garrison making claim under the med pay portion of the Policy.  Garrison has refused to pay the invoice.

27.     Throughout the process, Garrison has engaged in a pattern and practice of fraudulent misrepresentation and bad faith as elaborated on herein above.

28.     Further, throughout the process, Garrison has failed and refused to adjust Plaintiff's claims in a timely and proper manner and has effectively attempted to shift the burden of adjusting these claims to the Plaintiff.

## <u>COUNT I – BREACH OF CONTRACT</u>

29.     That Garrison has breached its contract with Plaintiff by failing to pay the fair market value for the total loss of the subject vehicle, by failing to provide rental car coverage as provided by the Policy, by failing to provide med pay coverage as provided by the Policy and by failing to properly process the claims.

WHEREFORE, premises considered, Plaintiff prays for an award of compensatory damages, plus pre-judgment interest and costs of this action.

## <u>COUNT II – FRAUDLENT MISREPRESENTATION</u>

30.    As demonstrated hereinabove, representatives of Garrison have repeatedly made false representations of material existing fact, with the intent that Plaintiff rely upon those representations to his detriment, and Plaintiff did in fact reply upon those misrepresentations to his detriment until they were later discovered to be false.

31.    As a result of such detrimental reliance, Plaintiff suffered damages, including but not limited to an unnecessarily prolonged claim process, substantial inconvenience and other consequential damages.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant for compensatory and punitive damages in an amount to be determined by the jury, plus costs of this action.

## <u>COUNT III – BAD FAITH</u>

32.    As demonstrated hereinabove, Garrison has denied Plaintiff's claims without any legitimate, arguable or debatable reason, and has done so in bad faith.

33.    Further, Garrison has failed to properly investigate and adjust Plaintiff's claims in bad faith.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant for compensatory and punitive damages in an amount to be determined by the jury, plus costs of this action.

## COUNT IV – NEGLIGENCE AND WANTONNESS

34.    As demonstrated hereinabove, Garrison has breached its duty to Plaintiff to properly and timely investigate, process and adjust Plaintiff's claims.

35.    That Garrison's conduct constitutes negligence and/or wantonness.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant for compensatory and punitive damages in an amount to be determined by the jury, plus costs of this action.

Respectfully submitted, this 4th day of October, 2017.

*/s/ Jack J. Hall, Jr.*
JACK J. HALL, JR. (HAL038)
***Attorney for Plaintiff,***
*Peter Bolvig*

OF COUNSEL:
WHITAKER MUDD LUKE & WELLS, LLC
2011 Fourth Avenue North
Birmingham, Alabama 35203
Tel: (205) 639-5300
Email: jhalljr@wmslawfirm.com

## JURY DEMAND

Plaintiff hereby demands trial by struck jury.

*/s/ Jack J. Hall, Jr.*
OF COUNSEL

**Please serve Defendant by Certified Mail as follows:**

Garrison Property & Casualty Insurance Company
9800 Fredericksburg Road
San Antonio, TX  78288



AlaFile E-Notice

01-CV-2017-904177.00

To:   Jack Jordan Hall, Jr. JR.
      jhalljr@wmslawfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

PETER BOLVIG V. GARRISON PROPERTY & CASUALTY INSURANCE COMPANY
01-CV-2017-904177.00

The following complaint was FILED on 10/4/2017 1:27:15 PM

Notice Date:      10/4/2017 1:27:15 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-904177.00

To:  GARRISON PROPERTY & CASUALTY INSURANCE COMPANY
9800 FREDERICKSBURG ROAD
SAN ANTONIO, TX, 78288

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

PETER BOLVIG V. GARRISON PROPERTY & CASUALTY INSURANCE COMPANY
01-CV-2017-904177.00

The following complaint was FILED on 10/4/2017 1:27:15 PM

Notice Date:      10/4/2017 1:27:15 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-904177.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## PETER BOLVIG V. GARRISON PROPERTY & CASUALTY INSURANCE COMPANY

**NOTICE TO:** GARRISON PROPERTY & CASUALTY INSURANCE COMPANY, 9800 FREDERICKSBURG ROAD, SAN ANTONIO, TX 78288

<i>(Name and Address of Defendant)</i>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Jack Jordan Hall, Jr. JR.

<i>[Name(s) of Attorney(s)]</i>

WHOSE ADDRESS(ES) IS/ARE: 2011 4th Avenue North, Birmingham, AL 35203

<i>[Address(es) of Plaintiff(s) or Attorney(s)]</i>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of PETER BOLVIG
pursuant to the Alabama Rules of the Civil Procedure.

<i>[Name(s)]</i>

| 10/4/2017 1:27:15 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ Jack Jordan Hall, Jr. JR.

<i>(Plaintiff's/Attorney's Signature)</i>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on

<i>(Date)</i>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,

<i>(Name of Person Served)</i>          <i>(Name of County)</i>

Alabama on _____ .

<i>(Date)</i>

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
PETER BOLVIG V. GARRISON PROPERTY & CASUALTY INSURANCE COMPANY

01-CV-2017-904177.00

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID: $6.98**

Parties to be served by Certified Mail - Return Receipt Requested

GARRISON PROPERTY & CASUALTY INSURANCE COMPANY                    Postage: $6.98
9800 FREDERICKSBURG ROAD
SAN ANTONIO, TX 78288

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GARRISON PROPERTY & CASUALTY INSURANCE COMPANY

9800 FREDERICKSBURG ROAD
SAN ANTONIO, TX 78288

9590 9402 3190 7166 0422 65

7017 1070 0001 1550 1176

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

CV17-904177 S/c

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GARRISON PROPERTY & CASUALTY INSURANCE COMPANY

9800 FREDERICKSBURG ROAD
SAN ANTONIO, TX 78288

9590 9402 3190 7166 0422 65

7017 1070 0001 1550 1176

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *David Johnson*   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

*CV17-904177 S/c*

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt



USPS TRACKING#

9590 9402 3190 7166 0422 65

**United States**
**Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

OCT 23 2017

ANNE-MARIE ADAMS
CLERK

• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203





### AlaFile E-Notice

01-CV-2017-904177.00

Judge: CAROLE C. SMITHERMAN

To:  HALL JACK JORDAN JR.
jhalljr@wmslawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

PETER BOLVIG V. GARRISON PROPERTY & CASUALTY INSURANCE COMPANY
01-CV-2017-904177.00

The following matter was served on 10/23/2017

**D001 GARRISON PROPERTY & CASUALTY INSURANCE COMPANY**
**Corresponding To**
AUTHORIZED SERVICE
S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov